## Commonwealth v. Burrall

*Gary D. Wilt, District Attorney*, for Commonwealth.

*Lawrence C. Zeger*, for defendant.

EPPINGER, *P.J.*, June 22, 1976 — Eddie Burrall was charged with killing a deer at nighttime, a

summary violation of the Game Laws of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.702. The evidence presented by the Commonwealth, which included a statement made by Burrall to the game protector, was sufficient to sustain the conviction. Without the statement, it could not be said defendant could be convicted beyond a reasonable doubt.

However, before defendant made the statement he was advised that he had the right to remain silent and that he was entitled to counsel and that if he did not have counsel, one would be provided for him. This was an incomplete attempt to advise defendant of his Miranda rights.* Defense counsel moved to strike defendant's incriminating statement and the court reserved ruling with the request that counsel provide briefs on the question of whether the Commonwealth was required to show that complete Miranda warnings were required in summary cases.

To decide whether defendant was entitled to the Miranda warnings this court faces two issues: First, whether the questioning of Burrall had the character of the "custodial interrogation" which is the prerequisite of Miranda warnings, and second, whether a discussion of Miranda warnings is inapplicable because Burrall was charged with only a summary offense.

The fundamental purpose of the Miranda warnings is to protect defendant's self-incrimination privilege against the psychological intimidation that is the inevitable result of incommunicado interrogation in a police-dominated atmosphere. A

---

* He was not advised that anything he said could be and would be used against him, nor that counsel would be provided free if he could not afford to employ counsel: Miranda v. Arizona, 384 U.S. 436 (1966).

custodial interrogation was defined in Miranda as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way: 384 U.S. at 444. Since the Pennsylvania Rules of Criminal Procedure provide for, and the prosecution against Burrall was instituted by, the issuance of a citation, he was not under arrest at the time of the interrogation: Pa. R.Crim.P. 3.

In explaining Miranda, however, the Pennsylvania Supreme Court specifically did not limit custodial interrogation to mean questioning occurring after a formal arrest: Commonwealth v. Jefferson, 423 Pa. 541, 546, 226 A. 2d 765 (1967). Burrall was questioned in the prosecutor's automobile. The evidence developed at the trial was sketchy on how this questioning was conducted and whether it was of the character that required Miranda warnings. However, since defendant was released and the prosecution was instituted by a citation there seemed to be a complete absence of restraint, let alone the "significant restraint" which calls for the Miranda warnings.

Miranda was not intended to apply to general on-the-scene questioning in the fact-finding process. Miranda warnings are required only when the investigation has changed from a general fact-finding process to an accusatorial process focused on a particular suspect: Commonwealth v. Sites, 427 Pa. 486, 235 A. 2d 387 (1967). There is no evidence that the investigation had focused on Burrall. Defendant's contention that the game protector's efforts to give Miranda warnings indicates that the investigation had focused on him. This proposition was squarely rejected in United States v. Akin, 435 F.2d 1011 (5th Cir. 1970).

The second question is whether Miranda is applicable when Burrall is charged only with a summary offense. This summary violation is said to be criminal in nature, Pa. R.Crim.P. 3, because defendant may be imprisoned if he fails to pay his fine if found guilty: Act of 1937, supra, 34 P.S. §1311.731.

This issue has not been decided by our appellate courts. We find two persuasive reasons for concluding that Miranda does not apply to summary offenses. First, summary offenses are not serious criminal proceedings, and therefore the full panoply of rights to protect the accused should not be required: Commonwealth v. Renner, 43 D.&C.2d 755, 758 (1967). We agree with the court in Renner that it was not the intention of the Supreme Court to require that a summary game law violation should be handled like misdemeanors and felonies.

Next, the application of the Miranda holdings to these summary cases would cause great inconvenience and put an incalculable burden on the courts. The courts in New Jersey, Delaware and New York have taken this position. In State v. Zucconi, 93 N.J. Super. 380, 226 A. 2d 16, 23 (1967), the court said: "[The Supreme Court] is, of course, fully aware of the problems which would be entailed if Miranda were applied willy-nilly to all minor offenses."

We therefore hold Miranda warnings are not necessary in summary cases.

## ORDER

Now, June 22, 1976, the motion to strike defendant's incriminating statement is denied and defendant is found guilty as charged. It is ordered that the district attorney summon defendant to appear before the court for sentencing.